Dear Mr. Johnson:
You have requested an opinion of the Attorney General regarding the property taxes owed on a building purchased during the year 2008, by the LaSalle Parish Police Jury, from Mr. Lloyd Hennigan and his wife, Patricia S. Hennigan. You stated that Mr. Hennigan argues he and his wife are not liable for the 2008 property taxes because a tax-exempt body, the LaSalle Parish Police Jury, purchased the building from them during the year.
You also stated that the LaSalle Parish Assessor's Office is of the opinion that Mr. Hennigan is liable for the property taxes on the building for the period of January 1, 2008 through August 12, 2008 (225 days or 62% of the year). It is the opinion of this office that Mr. and Mrs. Hennigan are, in fact, liable for the property taxes during the portion of the year in which they owned the building.
The law applicable to this situation is provided in La.R.S. 47:2112(A)[1] which states that:
 "[t]he tax collectors of the various parishes and cities throughout the state of Louisiana . . . are directed to accept the payment of pro rata taxes on property purchased in full ownership for rights of way or other purposes, by the state of Louisiana, or any of its legal subdivisions or entities thereof . . . for the period of time for which the liability for taxes have been due by the private owner or owners of said property." *Page 2 
The LaSalle Parish Sheriff's Office is the "tax collector" for LaSalle Parish in the State of Louisiana, and is, thereby statutorily directed to accept the payment of pro rata taxes on property purchased by a legal subdivision of the State of Louisiana. La.R.S. 47:2113 states that "[a]ll assessors throughout the state of Louisiana and the Louisiana tax commission are hereby authorized and directed to adjust and amend all tax rolls and records within their respective offices in order to properly carry out the intent and purposes of R.S. 47:2112." The Louisiana Constitution defines a "local governmental subdivision" as any parish or municipality. La.Const. Art. VI, § 44 (1). It also defines a "political subdivision" as any parish, municipality, or any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. La.Const. Art. VI, § 44 (2). Since the LaSalle Parish Police Jury is by definition both a "local governmental subdivision" and a "political subdivision" of the State of Louisiana, the LaSalle Parish Assessor's Office is authorized and directed to adjust and amend all tax rolls and records to carry out the intent of La.R.S. 2112. As a result of this, the tax collector for LaSalle Parish (LaSalle Parish Sheriff) would be directed to accept the payment of pro rata taxes on property purchased by the LaSalle Parish Police Jury, a legal subdivision of the State of Louisiana, for the period of time the property was owned by a private owner.
La.R.S. 47:2112(B) states that "[t]he tax collectors of the various parishes and cities of the state of Louisiana . . . are authorized to accept the payment of the pro rata taxes on said property, regardless of whether the tax rolls have been filed." This implies that the sheriff would be authorized to accept the payment of pro rata taxes regardless of when the assessor has filed the tax rolls or not.
As a general rule, the Attorney General's Office refrains from conducting factual evaluations; however, upon reviewing the deed conveying the property in question, it also appears that no contractual provision exists stating that the LaSalle Parish Police Jury agreed to assume the prior owners' property tax burden as part of the purchase price of the building. Therefore, since Mr. and Mrs. Hennigan were private owners who sold a building to a political subdivision of the State of Louisiana, they remain liable for the period of time for which the liability for taxes is due by private owners of the said property. The pro rata calculation of this period of time by the LaSalle Parish Assessor's Office is 62% of the year (from January 1, 2008 through August 12, 2008 or 225 days). It is the opinion of this office that the LaSalle Parish Assessor's Office is correct in asserting that Mr. and Mrs. Hennigan are liable for the property taxes for the building during the period in which they owned the building. *Page 3 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ DANIEL D. HENRY JR. Assistant Attorney General
 JDC/DDH/jv
[1] While La.R.S. 47:2112 is the law applicable to this set of facts, it should be noted that La.R.S. 47:2112 was repealed by acts 2008, no. 819, § 2, effective on January 1, 2009. La.R.S. 47:2135 (Acts 2008, No. 819, § 1) was enacted in its place and in essence states the same thing as the current law applicable in La.R.S. 47:2112.